**The Law Offices of Jeffrey Lohman, P.C.**
Alyson Dykes – Bar # 319835
4740 Green River Road
Suite 206
Corona, CA 92880
(866) 329-9217, Ext. 1007
(657) 227-0270- fax
Email: AlysonD@jlohman.com
Attorneys for Plaintiff,
IVAN MONTENEGRO

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IVAN MONTENEGRO, ) | Case No.: |
| ) | |
| Plaintiff, ) | **COMPLAINT and JURY DEMAND** |
| vs. ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| CAPITAL ONE BANK (USA) N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

IVAN MONTENEGRO (Plaintiff), by and through his attorney, alleges the following against CAPITAL ONE BANK (USA) N.A., (Defendant):

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Ca Civ. Code § 1788.17.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in Los Angeles County, in the city of Montebello, California.

5. Defendant is a Virginia corporation doing business in the State of California with its principal place of business located in McLean, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (213) 590-32XX.

PLAINTIFF'S COMPLAINT

10. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-6600.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, IVAN MONTENEGRO.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On September 25, 2017, Plaintiff called into Defendant's company at phone number (800) 955-6600. Plaintiff spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular phone.

17. During the conversation on September 25, 2017, Plaintiff gave Defendant personal identifying information to assist Defendant in accessing his accounts before asking Defendant to stop calling his cell phone on all accounts.

PLAINTIFF'S COMPLAINT

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on September 25, 2017.

19. Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on September 27, 2017.

20. Defendant continued to place collection calls to Plaintiff.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred and seventeen (117) automated calls to Plaintiff's cell phone.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CA CIV CODE § 1788.17

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, IVAN MONTENEGRO, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA) N.A., for the following:

- 5 -

PLAINTIFF'S COMPLAINT

## FIRST CAUSE OF ACTION

32. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (117); $58,500.00;

33. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

34. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (117); $175,500.00;

35. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

36. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

37. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

38. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and;

39. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

40. Actual damages and compensatory damages according to proof at time of trial;

41. Costs and reasonable attorneys' fees, and;

42. Any other relief that this Honorable Court deems appropriate.

///

///

///

///

PLAINTIFF'S COMPLAINT

## JURY TRIAL DEMAND

43. Plaintiff demands a jury trial on all issues so triable.

Dated: April 30, 2018                         RESPECTFULLY SUBMITTED
                                              By: */s/ Alyson J. Dykes*
                                              Alyson J. Dykes
                                              Attorney for Plaintiff
                                              IVAN MONTENEGRO

PLAINTIFF'S COMPLAINT